UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
AUG 06 2012

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BRANYON DALE PIPPENGER,<br><br>Petitioner,<br><br>-vs-<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIV. 11-4094<br>CR. 07-40055<br><br>MEMORANDUM AND ORDER<br>RE: MOTION TO VACATE,<br>CORRECT OR SET ASIDE SENTENCE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner, Branyon Dale Pippenger, filed a Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255, and the United States has responded and moved to dismiss the Motion.. In his motion Pippenger raises a number of ineffective assistance of counsel claims against both trial and appellate counsel and a due process violation claim. For the reasons set forth below, the motion is denied.

## BACKGROUND

After Pippenger was charged in a second superseding indictment with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 and was convicted by a jury of that charge, this Court granted Pippenger and his co-defendants a new trial. Pippenger was then charged in a third superseding indictment with the same charge and new trial counsel was appointed for him. On May 28, 2009, a jury convicted Pippenger of this charge. This Court then sentenced Pippenger to the mandatory minimum sentence of 120 months of imprisonment.

Pippeneger appealed his conviction and sentence to the Eighth Circuit Court of Appeals. New counsel was appointed on appeal. On appeal Pippenger argued that the evidence was insufficient to support a conviction, that this Court abused its discretion by denying his motion for a mistrial, that this Court erred in denying him safety valve relief, and that this Court erred by failing to grant a

mistrial sua sponte based on alleged prosecutorial misconduct. The Eighth Circuit Court of Appeals affirmed on all issues. *See United States v. Pippenger*, 409 Fed.Appx. 36 (8th Cir. 2010). Pippenger then filed this timely motion under 28 U.S.C. § 2255.

## DISCUSSION

*General Principles Regarding Ineffective Assistance of Counsel*

Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner in a motion under 28 U.S.C. § 2255 must make the following two showings to obtain relief for an ineffective assistance of claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A court's scrutiny of counsel's performance must be "highly deferential." *Id.* at 690; *Gregg v. United States*, 683 F.3d 941, 943-944 (8th Cir. 2012). A criminal defendant is also entitled to effective assistance of counsel on first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387 (1985).

*Ineffective assistance claim- failure to cross examine witnesses on ability to identify Piipenger*

Pippinger contends that his trial counsel was ineffective in failing to cross examine three government witnesses on their inability to identify Pippenger at his first trial, when they were able to identify Pippenger at his second trial. At the first trial when the prosecutor asked witness Horace Bonner if he saw Pippenger in the courtroom, Bonner responded, "I can't be sure." Bonner testified at the first trial, however, as to having approximately fifteen dealings with Pippenger. At the second trial Bonner was asked by the prosecutor, "Do you see Bam [Pippenger] in this courtroom? Do you mind if I help relocate your chair?" Bonner then identified Pippenger. Pippenger's trial counsel did not cross examine Bonner regarding his failure to identify Pippenger in the first trial.

At his first trial the prosecutor asked Felicia Bonwell if she saw Pippenger in the courtroom. After Felicia Bonwell stated she did not see him, the following exchange took place:

2

[Prosecutor]: I think what I need you to do is stand up, okay.

[Felicia]: I don't have any glasses.

[Prosecutor]: Do you have glasses available to you?

[Felicia]: No.

Felicia Bonwell then testified at the first trial that she bought dope from Pippenger on several occasions.

At Pippenger's second trial Felicia Bonwell and the Prosecutor engaged in the following exchange:

[Prosecutor]: I see you are wearing glasses, do you need those to read or see distance?

[Felicia]: To see.

[Prosecutor]: To see which way, a long ways away or to read things?

[Felicia]: To see a long ways away.

The prosecutor then had Felicia Bonwell wear her glasses and identify Pippenger. Trial counsel did not question Felicia Bonwell regarding her inability to identify Pippenger at the first trial.

At Pippenger's first trial when the prosecutor asked Allison Crawford if she saw Pippenger in the courtroom, she responded, "No, but my eyes are messed up." Allison Crawford then testified that Pippenger sold crack cocaine from her apartment.

At Pippenger's second trial the prosecutor asked Allison Crawford to identify Pippenger after the prosecutor commented, "I see you are wearing your glasses, is that right?" Allison Crawford then identified Pippenger. Trial counsel did not question Allison Crawford regarding her inability to identify Pippenger at the first trial.

Even if trial counsel should have questioned these witnesses as to their prior inability to identify Pippenger in the courtroom this Court cannot conclude that this failure to question was "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. at 687. The inability to identify Pippenger did not stop these witnesses from providing incriminating testimony against Pippenger in both of his trials. Also, other witnesses identified and incriminated Pippenger in his second trial. In consideration of the evidence against Pippenger, this Court cannot conclude that any error committed by trial counsel in failing to cross examine with regard to these three witnesses' inability to identify him at the first

trial met the prejudice requirement of *Strickland*. Any error in this regard was not "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

*Ineffective Assistance Claim- Failure to Question Officer Mills About Inconsistencies*

Pippenger contends that his trial counsel was ineffective in failing to question witness Officer Mills about the inconsistencies between his report and the testimony of Michelle Lewis. Officer Mills testified before Michelle Lewis testified at Pippenger's trial. Mills testified about an incident on June 11, 2007, involving Pippenger, Michael Smith and Michelle Lewis. During Officer's Miller contact with these individuals on June 11, 2007, plastic baggies, some of which contained drugs, were found under the front passenger side floor and seat of a vehicle in which Pippenger was the back seat passenger, Smith was the driver and Michelle Lewis was the front seat passenger. Officer Mills was called as a witness by the prosecution immediately before Michelle Lewis testified. Michelle Lewis testified that "dope was just thrown all over the place." Trial counsel for Pippenger cross-examined Michelle Lewis as to a number of statements she had made to Officer Mills and emphasized that the crack was found under and in front of Michelle Lewis and that Michelle Lewis had told Officer Mills that she had no idea where the crack came from. Trial counsel did not call Officer Mills as a defense witness but clearly established during cross examination of Officer Mills that "the packages were found in front of [Michelle Lewis] or right under her seat."

In order to question Officer Mills regarding Michelle Lewis' testimony, Pippenger's trial counsel would have had to call Officer Mills to testify as a defense witness. Whether or not to call a government witness in a defendant's case is a matter of trial strategy. The courts give great deference to counsel's informed strategic decisions. *See Middleton v. Roper*, 455 F.3d 838, 848-849 (8th Cir. 2006); *Laws v. Armontrout*, 863 F.2d 1377, 1393 (8th Cir.1988). In consideration of the cross examination counsel for Pippenger conducted of Officer Mills and Michelle Lewis, and in consideration of the potential for a rehash of incriminating evidence against Pippenger if counsel for Pippenger called Officer Mills as a defense witness, the Court does not find that trial counsel was ineffective in not Officer Mills to testify with regard to Michelle Lewis' testimony.

*Ineffective Assistance Claim- Agreement on Curative Instruction*

Although the Court had ordered that the witnesses not reference Pippenger's arrest on astate court charge arising from the Jule 11, 2007 incident, Michelle Lewis unexpectedly stated during her

4

testimony that she along with Pippenger and Michael Smith were "all thrown in jail." Trial counsel immediately requested a bench conference and moved for a mistrial. The Court considered informing the jury that the state charge alluded to by Lewis was dismissed. The prosecutor then informed the Court and Pippenger's trial counsel that the state charge had been dismissed in favor of the federal case and that he was prepared to produce a witness on that point if the Court instructed the jury that the state charge had been dismissed without further explanation.. The Court denied the motion for mistrial and advised the attorneys that it would give the curative instruction regarding dismissal of the state charge to the jury. Before the Court gave the instruction, however, trial counsel and the prosecutor agreed that the Court should simply instruct the jury to disregard Michelle Lewis' statement regarding getting thrown in jail. In accordance with this agreement, the Court instructed, "Yesterday the witness Michele Lewis made the statement as follows, so we all got thrown in jail that night end quote. The jury is directed to disregard that statement." Pippenger now asserts that trial counsel was ineffective in agreeing to this curative instruction instead of demanding that the Court instruct that the state charge was dismissed.

The Court will not second guess trial counsel's strategy. In this instance, trial counsel entered into the agreement to avoid the prejudice of a government witness explaining that the state charge was dismissed only because the federal government brought charges. This Court rejects Pippenger's claim of ineffective assistance of counsel regarding trial counsel's handling of the curative instruction.

*Ineffective Assistance Claim- Misrepresentation to Presentence Investigation Officer*

Pippenger contends his trial counsel was ineffective in misrepresenting to the presentence report writer that Pippenger admitted to the distribution of 50 grams of crack. At Pippenger's sentencing hearing trial counsel stated:

> And also to put on the record that in the presentence report I had made a statement in my objections that my client had admitted to the distribution of 500 grams, or not 500, 50 grams of crack cocaine. My client insisted that I correct that. I was hoping to qualify my client for the safety valve, I didn't have my client's authority to put that in the objections and he does not want that in. He does not think he is responsible for 50 grams, but something less than that.

Assuming for the purpose of argument in this Section 2255 motion, that it is deficient

5

performance for an attorney to misrepresent that his client has admitted to distribution of an amount of drugs that his client has actually denied, Pippenger must still establish that he was prejudiced by his counsel's performance. In the case at hand the jury in its verdict form found Pippenger guilty of conspiring to distribute 50 grams or more of crack cocaine and rejected the opportunity to find him guilty of conspiring to distribute lesser quantities of crack cocaine. It is clear from the presentence report that the presentence report writer independently determined that Pippenger was involved in distributing in excess of 50 grams of crack. In addition, trial counsel advised the Court of the misrepresentation and the reason for the same before Pippenger's sentence was announced. Pippenger was not prejudiced by his counsel's conduct in misrepresenting to the presentence writer that Pippenger admitted to the distribution of 50 grams of crack and is not entitled to relief under 28 U.S.C. § 2255 based on this conduct.

*Due Process Claim - Alleged Failure To Receive an Initial Appearance*

Pippenger claims that he did not receive an initial appearance to be informed of the charges against him which were contained in the third superseding indictment. The record clearly refutes this claim. Docket Entry 1419 in his criminal case contains the minute entry for February 25, 2009. This minute entry discloses that Pippenger with trial counsel from his second trial appeared before United States Magistrate Judge John Simko for an initial appearance and arraignment on the third superseding indictment. The minute entry reflects that at the February 25, 2009 hearing, Pippenger received a copy of the third superseding indictment, had the charges read aloud to him in court, and was advised of the maximum possible penalties. At this proceeding, Pippenger pled not guilty and his trial counsel argued for his release from custody. Based on the record, Pippenger's claim for relief under 28 U.S.C. § 2255 for a Due Process violation must be denied.

*Ineffective Assistance Claim- Appellate Counsel*

Pippenger claims that his counsel on appeal was ineffective in failing to amend his brief and request relief under the Fair Sentencing Act of 2010. Pippenger claims that his counsel on appeal incorrectly advised him that the Fair Sentencing Act of 2010 did not apply to him. The United States Supreme Court has recently ruled that the more lenient penalties of the Fair Sentencing Act of 2010, which reduced the crack-to-powder cocaine disparity, apply to those offenders whose crimes occurred before the effective date of the Fair Sentencing Act, but who were sentenced after that date.

6

*Dorsey v. United States*, 132 S.Ct. 2321 (2012). The Fair Sentencing Act took effect on August 3, 2010. Pippenger was sentenced in September of 2009. The Fair Sentencing Act does not apply to Pippenger and counsel on appeal was not ineffective in failing to request relief under the Act. Accordingly,

IT IS ORDERED:
1. That Pippenger's requests for appointment of counsel[1] (Doc. 3, 13) are denied:

2. That Pippenger's Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255 is denied; and

3. That the Court declines to issue a certificate of appealability with regard to any of the issues raised in the § 2255 motion.

Dated this ___ day of August, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)    DEPUTY

---

[1] If the Court had deemed an evidentiary hearing necessary, counsel would have been appointed, *see* Rule 8(c) of the Rules Governing Section 2255 proceedings, but in this case an evidentiary hearing is not warranted.

7